IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CHESTER WILLIS, JR., | : | MOTION TO VACATE |
| BOP Reg. No. 03038510, | : | 28 U.S.C. § 2255 |
|    Petitioner, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:22-CR-0026-SCJ-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 2:23-CV-0208-SCJ-JCF |

**FINAL REPORT AND RECOMMENDATION**

Movant Chester Willis, Jr., a federal prisoner currently confined at the Federal Correctional Institution in Edgefield, South Carolina, has filed a *pro se* 28 U.S.C. § 2255 motion-to-vacate challenging his 2023 guilty plea convictions and sentences in this Court for conspiracy to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii), distribution of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (See doc. 113 at 1; doc. 90 at 1.) The matter is before the Court on the § 2255 motion and the government's response in opposition. For the reasons stated below, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED** and that **no certificate of appealability issue**.

I. **PROCEDURAL HISTORY**

On June 21, 2022, a federal grand jury returned a 10-count indictment against Movant and one other individual, charging Movant with conspiracy to distribute at least 500 grams of cocaine ("Count 1"); four counts of distribution of cocaine ("Counts 2-5"); possession with intent to distribute marijuana ("Count 8"); possession of a firearm in furtherance of a drug trafficking crime ("Count 9"); and possession of a firearm by a convicted felon ("Count 10"). (Doc. 23 at 1-5.) This Court appointed counsel to represent Movant in his federal criminal proceedings. (Doc. 5; doc. 21.)

Ultimately, Movant pled guilty to Counts 1, 5, and 10 pursuant to a written plea agreement. (See docs. 68, 68-1.) In exchange for Movant's acceptance of responsibility, the government agreed to dismiss the remaining counts and recommend a low-end guideline sentence. (Doc. 68-1 at 5-7.) The plea agreement contained a "limited waiver of appeal" providing that Movant would waive his appellate and collateral attack rights on any ground except that (1) he may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the District Court, and (2) claims of ineffective assistance of counsel

are excepted from the waiver. (Id. at 13-14.) Both Movant and his counsel signed the plea agreement. (Id. at 15.)

At his change-of-plea hearing, Movant testified under oath that the plea agreement was his agreement with the government, that he had read it carefully and understood its terms, that he had signed the agreement, and that he was voluntarily entering into the plea agreement. (Resp. Ex. A at 2-3, 7.) Movant testified that he had a tenth-grade education, that he could read and write English, and that he was not under the influence of any alcohol, medication, or drugs of any kind. (Id. at 4-5.) The Court informed Movant of the rights that he was waiving by pleading guilty, including the right to plead not guilty, the right to a trial by jury where he would be presumed innocent and the government would be required to prove his guilt beyond a reasonable doubt, the right to be represented by counsel at all times, the right to see, hear, and cross-examine witnesses, the right to elect to or decline to testify in his own defense, and the right to compel the attendance of witnesses to testify in his defense. (Id. at 5-7.) In each instance, Movant testified that he understood. (See id.)

The Court directed the government to read into the record the terms of the plea agreement. (Id. at 7.) The government's attorney recited that Movant faced a maximum penalty of 40 years' imprisonment on Count 1, with a mandatory minimum

3

of five years' imprisonment, a maximum of 20 years' imprisonment on Count 5, and a maximum of 10 years' imprisonment on Count 10.  (Id. at 8-9.)  The government's attorney further stated that the plea agreement was not binding on the District Court, that the Court could impose any sentence up to the statutory maximum penalties, and that Movant would not be able to withdraw his guilty plea.  (Id. at 9-10.)  The government also recited the appeal waiver provision.  (Id. at 10.)  Movant testified that he agreed with the government's summary of the plea agreement.  (Id.)  The District Court asked Movant "[i]s this the only agreement you have entered into with the government?" and Movant replied "[y]es, sir."  (Id. at 11.)  The District Court further questioned Movant "[h]as anyone made any promise, other than the plea agreement, that induced you to plead guilty to these charges?"  (Id.)  Movant answered "[n]o, sir."  (Id.)  The Court also asked Movant's counsel "[h]ave you made any promise to the defendant of a particular sentence in the event of a plea of guilty?" and counsel replied "[n]o, sir."  (Id. at 11-12.)  Movant testified that he had sufficient time to discuss his plea with his attorney and that he was satisfied with his attorney's representation.  (Id. at 12-13.)

      The government's attorney summarized on the record the elements of the offenses to which Movant was pleading guilty.  (Id. at 13-14.)  Movant agreed and

4

testified "in [his] own words" that he was charged with "conspiracy and distribut[ion of cocaine] and possession of a firearm." ("Id. at 14.")  The Court again advised Movant of the maximum penalties he faced. (Id. at 14-15.) Movant testified that he understood. (Id. at 16.) The Court specifically explained to Movant that the United States Sentencing Commission has issued advisory sentencing guidelines, that it was not possible to determine his guideline range until after a presentence report ("PSR") had been completed, and that the Court could impose a sentence that was more or less severe than that called for by the Sentencing Guidelines. (Id.) The Court warned Movant that it could reject any sentencing recommendation and, if the sentence imposed was more severe than expected, Movant would not be able to withdraw his guilty plea. (Id. at 18.) Movant testified that he understood. (Id.)

The Court also questioned Movant about the appeal waiver provision and Movant testified that he understood that he was voluntarily waiving his appellate and collateral attack rights, that he was not coerced into entering the appeal waiver, and that no one had made him any promises outside the plea agreement in exchange for his agreement to the waiver provision. (Id. at 17-18.) The Court asked the government to read into the record the factual basis for Movant's guilty plea, involving several cocaine transactions with a confidential informant and the

5

discovery of firearms in proximity with drugs and cash in Movant's place of residence. (Id. at 18-21.) Movant agreed that the factual basis was accurate and that he was in fact guilty of Counts 1, 5, and 10 as charged in the indictment. (Id. at 21.) As a result, the District Court accepted Movant's guilty plea and adjudged him guilty of Counts 1, 5, and 10. (Id. at 21-22.)

At sentencing, Movant's counsel objected to the two-point enhancement in the PSR under U.S.S.G. § 2D1.1(b)(12) and argued that certain drugs should not be attributed to Movant. (Doc. 108 at 3-7, 9-11, 12-19, 25-28.) After overruling the objections, the District Court determined that Movant's guideline range was 121-151 months' imprisonment, based on a total offense level of 29 and a criminal history category of IV. (Id. at 11, 29.) After allocution, Movant's counsel argued for a mandatory-minimum 60-month sentence, and the government recommended a low-end guideline sentence of 121 months' imprisonment. (Id. at 34-39.) The Court sentenced Movant to an aggregate of 121 months' imprisonment to be followed by four years' supervised release. (Id. at 40.) The instant § 2255 motion followed.

## II.    28 U.S.C. § 2255 MOTION

In his § 2255 motion, Movant raises one ground for relief—that his plea counsel rendered ineffective assistance during plea negotiations and by advising

6

Movant to plead guilty under a plea agreement that included an appeal waiver provision. (Doc. 113 at 4.) Specifically, Movant contends that his plea counsel advised him that his guideline range following a guilty plea to Counts 1, 5, and 10 would be 57-71 months' imprisonment, with a "best case" sentence of "five years 10 months" and a "worst case" sentence of "10 years one month." (Doc. 113-1 at 3-4.) Counsel further advised Movant that he would receive a sentence of "around 60 months" based on counsel's plea negotiations with the government, and that he would have the opportunity to appeal any sentence in excess of 60 months. (Id. at 4-5.) Movant further asserts that counsel never explained the difference between a Fed. R. Crim. P. 11(c)(1)(B) "open plea" and a Fed. R. Crim. P. 11(c)(1)(C) "binding plea," and that counsel instructed him to answer affirmatively to all questions asked by the District Court during the plea colloquy, including that no one had promised him a specific sentence. (Id. at 4.) As a result, Movant states that he did not disclose during the plea colloquy that his counsel had promised him a 60-month sentence. (Id.) Movant states that he did not have an opportunity to personally review the PSR and that counsel reviewed it on his behalf. (Id.) Movant proceeds to argue that counsel rendered ineffective assistance by misrepresenting that he could appeal a sentence in excess of 60 months and by negotiating an appeal waiver provision that waived

7

appeal except in the case of an upward variance, which precluded him from appealing the unobjected-to guideline enhancements in the PSR which in turn raised his ultimate guideline range. (Id. at 4-5.) Movant supports his § 2255 motion with his own affidavit repeating the same facts alleged in the motion. (See doc. 113-2.)

The government responds that Movant's ineffective assistance claim is without merit and the § 2255 motion is due to be denied. (Doc. 123.) The government emphasizes that Movant admits that counsel gave various estimations of Movant's likely sentence, including "10 years one month" and "eight years" as his "best guess." (Doc. 123 at 6.) The government also notes that Movant's sworn testimony during his plea colloquy is presumed true and that he has not carried his heavy burden of showing that it was false. (Id. at 7-8.) The government further argues that Movant has not shown that a Fed. R. Crim. P. 11(c)(1)(C) binding plea was ever available to him in this case, and that counsel did object to the guideline enhancements in the PSR. (Id. at 8-10.)

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient

8

performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 687-88. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Strickland's two-part test applies in the context of guilty pleas. Lafler v. Cooper, 566 U.S. 156, 162-64 (2012). Because a voluntary, unconditional guilty plea generally waives all nonjurisdictional defects in the proceedings, a defendant who enters a guilty plea can attack only "the voluntary and knowing nature of the plea." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). A defendant can overcome the otherwise voluntary and intelligent character of his guilty plea only if he can establish that the advice that he received from counsel in relation to the plea was not within the range of competence demanded of attorneys in criminal cases, in violation of Strickland. Premo v. Moore, 562 U.S. 115, 121, 126 (2011). In order to establish prejudice in the context of a guilty plea, a defendant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 129 (quotations omitted).

This means that "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015).

In evaluating the knowingness and voluntariness of a plea, the representations of the defendant at the plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Courts apply a "strong presumption" that statements made by a defendant during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Here, the plea court conducted a lengthy and thorough plea colloquy to ensure that Movant's guilty plea was voluntary and free from coercion and that he understood the nature of the charges and the consequences of his plea. (See Resp. Ex. A at 2-22.); United States v. Bell, 776 F.2d 965, 968 (11th Cir. 1985). Critically, Movant testified that no one had promised him any specific sentence, that no one had made him any promises not contained in the plea agreement, and that he understood that the District Court could impose any sentence up to the statutory maximum penalties. (See Resp. Ex. A at 11-12, 16-18.) Indeed, Movant tacitly acknowledges that his plea testimony supports the knowingness and voluntariness of his plea. (See

10

doc. 13-2 at 2.) Instead, Movant now avers that he was instructed not to disclose the promise of a 60-month sentence and to answer all plea colloquy questions in the affirmative. (Id.)

However, Movant's affidavit is insufficient to rebut the strong presumption of truth accorded to his plea colloquy testimony. See Medlock, 12 F.3d at 187. Notably, Movant's averments that counsel promised him a 60-month sentence in exchange for his plea are contradicted by the plain language of the plea agreement, Movant's own plea colloquy testimony, counsel's change-of-plea testimony, contradictory assertions in Movant's § 2255 motion and affidavit, and Movant's own supporting documentation. Compare doc. 13-2 at 1-2; with doc. 68-1 at 5-7; and Resp Ex. A. at 11-12, 16-18; and doc. 113 at (stating that counsel advised him that the "worst case" was "10 years one month"); and doc. 113-2 at 20 (counsel's handwritten notes stating that his "best guess" was "8 years" imprisonment). On this record, Movant's self-serving averments that counsel promised him a 60-month sentence and instructed him not to disclose the promised sentence do not warrant an evidentiary hearing. See, e.g., Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (§ 2255 movant's self-serving statements that counsel induced his guilty plea by promising a two-to-three-year sentence and return to India within six months could

11

not overcome contrary testimony during plea colloquy); Wilcox v. United States, No. 8:10-CV-1917-T-27EAJ, 2011 WL 5975683, at *10 (M.D. Fla. Nov. 29, 2011) (Rejecting § 2255 challenge to voluntariness of guilty plea where the petitioner "present[ed] no credible evidence, other than his own self-serving, after-the-fact contentions").  Further, Movant has not shown that counsel was ineffective for failing to explain a Fed. R. Crim. P. 11(c)(1)(C) "binding plea" where there is no evidence in the record that a binding plea was ever available to him, or for failing to object to the PSR's guideline calculations where counsel did object and argue strenuously at sentencing against the U.S.S.G. § 2D1.1(b)(12) enhancement and drug quantity determination.  Because the record establishes that Movant's guilty plea was knowing and voluntary, his claims of pre-plea ineffective assistance of counsel are waived.  Wilson, 962 F.2d at 997.

In any event, Movant has not shown that, but for counsel's alleged errors, he would have insisted on going to trial.  See Premo, 562 U.S. at 121, 126.  Nor has Movant shown that it would have been rational under the circumstances to reject the plea agreement where five additional felony counts were dismissed under the plea agreement, including a § 924(c) offense carrying a mandatory consecutive five-year minimum sentence.  See Diveroli, 803 F.3d at 1263.

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED**.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the resolution of the issues presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. <u>See id.</u> If the District Judge adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion [113] be **DENIED** and that **no certificate of appealability issue**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 18th day of January, 2024.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge