IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHESTER WILLIS, JR., | CRIMINAL ACTION FILE |
| Movant, | No. 2:22-CR-0026-SCJ-1 |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION FILE |
| Respondent. | No. 2:23-CV-0208-SCJ |

## ORDER

This matter is before the Court for consideration of the Final Report and Recommendation (R&R), Doc. No. [129], in which the Magistrate Judge recommends that the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [113], be denied. Movant Chester Willis, Jr., has filed his objections to the R&R. Doc. No. [138]. Having reviewed the record in light of Movant's objections, this Court agrees with the Magistrate Judge that the sole claim raised in the original § 2255 motion must be **DENIED**, but that Movant's new claim, raised in his objections, requires further consideration.

## I. Background

On March 2, 2023, Movant Movant pled guilty, pursuant to a plea agreement, to one count each of conspiracy to distribute at least 500 grams of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. Doc. No. [68, 68-1]. The remaining seven counts of the indictment were dismissed by the Government. The plea agreement included a limited waiver of appeal. As recounted at length by the Magistrate Judge, at the change-of-plea hearing, this Court carefully reviewed the rights that Movant waived as a result of pleading guilty and confirmed that Movant understood and agreed to all terms of the plea agreement. Doc. No. [129] at 2-6. At a later hearing this Court sentenced Movant to an aggregate 121 months of incarceration. Doc. No. [90].

In his § 2255 motion, Movant raises a single ground of ineffective assistance of trial counsel, claiming that trial counsel improperly advised him that his sentence would be shorter than 121 months. The Magistrate Judge noted that the representations of a defendant during a guilty plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Courts apply a "strong presumption" that statements made

by a defendant during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Accordingly, the Magistrate Judge determined that, despite his self-serving statements to the contrary, Movant's sworn statements during the plea colloquy clearly demonstrate that he made knowing and voluntary guilty pleas, that Movant acknowledged that the Court had sole authority impose the sentence that it deemed appropriate, and that no one had made any promise as to what his sentence would be. "Notably, Movant's averments that counsel promised him a 60-month sentence in exchange for his plea are contradicted by the plain language of the plea agreement, Movant's own plea colloquy testimony, counsel's change-of-plea testimony." Doc. No. [129] at 11. The Magistrate Judge further determined that Movant had not demonstrated that he would not have pled guilty but for counsel's purported errors.

## B. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a

proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

### C. Discussion

Movant raises one objection specific to the R&R: that the Magistrate Judge erred in stating that one of the dismissed counts, a violation of 18 U.S.C. § 924(c), carried a mandatory, consecutive, five-year minimum sentence. However, the case that Movant relies on, Dean v. United States, 581 U.S. 62 (2017), does not say that a judge is free to give a just sentence under § 924(c). Rather, it says that the judge can consider the mandatory and consecutive nature of the § 924(c) sentence in fashioning sentences for other counts that do not carry mandatory sentences. Id. at 69. This Court further notes that Movant's self-serving and wholly unsupported statement that he would not have pled guilty but for counsel's errors is insufficient to establish that he had a rational basis to reject the plea. Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015).

Accordingly, having carefully reviewed the record, this Court agrees with the Magistrate Judge that Movant has failed to establish that his trial counsel was ineffective for failing to properly advise him prior to his guilty plea. However, Movant has also raised a new claim in his objections by asserting that he instructed his appellate counsel to file a direct appeal, but appellate counsel failed to do so. Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental:

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972).

Accordingly, when a criminal defendant directs his counsel to file an appeal, counsel is bound to file one, Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005), "even when the defendant has signed an appeal waiver."

5

Garza v. Idaho, 139 S. Ct. 738, 744 (2019). And despite the fact that it might appear that a defendant did not have a reasonable basis to appeal, the Eleventh Circuit has further directed that such a claim almost always requires a hearing. Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002); see King v. United States, 250 F. App'x 930, 933 (11th Cir. 2007) ("Without first establishing these facts, the district court could not adequately determine whether petitioner's counsel was professionally unreasonable for not following petitioner's instructions regarding an appeal or, in the alternative, for not adequately consulting with his client regarding the potential for an appeal.").

This Court further notes that when a pro se prisoner raises a viable new claim in his objections to a Magistrate Judge's report, the district court must allow the prisoner to amend his pleading to incorporate the new claim. Boxer X v. Harris, 437 F.3d 1107, 1112 n.4 (11th Cir. 2006) abrogated on other grounds in part by Wilkins v. Gaddy, 559 U.S. 34 (2010), (citing Scott v. Clark, 761 F.2d 1524, 1527 (11th Cir. 1985)).[1]

---

[1] The Court notes that Movant's new claim is timely raised under the 28 U.S.C. § 2255(f) statute of limitations.

6

## III. Conclusion

For the foregoing reasons, this Court hereby **ADOPTS** the R&R, Doc. No. [129], and relief under 28 U.S.C. § 2255 as to Movant's claim that his trial counsel was ineffective is **DENIED**. However, Movant's implied motion to amend his § 2255 motion by adding a claim that his appellate counsel was ineffective for failing to file an appeal upon his request is **GRANTED**. The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for further proceedings as appropriate.

IT IS SO ORDERED this 21st day of March, 2024.

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**

7